**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Armando Hernandez-Morales,<br><br>Defendant. | No. CR-12-01343-PHX-DGC<br><br>**ORDER** |

Defendant Armando Hernandez-Morales is charged with illegal entry after deportation in violation of 8 U.S.C. § 1326. On September 7, 2012, Defendant filed a motion to dismiss arguing that his previous deportation proceedings were defective and the Government therefore cannot establish that he was previously deported within the meaning of the statute. Doc. 15. The Government filed a response to the motion and a supplemental exhibit. Docs. 19-20. The Court heard oral arguments on October 12, 2012. For the following reasons, the Court will deny Defendant's motion.

**I.     Background.**

The government alleges that Defendant was unlawfully present in the United States on September 3, 2010, after having been removed on October 31, 2007 through Nogales, Arizona. Doc. 19 at 2. Prior to the 2007 removal, defendant was removed from the United States on August 2, 2006, through Laredo, Texas. *Id.* At the time of the 2006 removal, Defendant claimed he had a fear of returning to his home country of Mexico. *Id.* U.S. Citizenship and Immigration Services conducted an interview to determine whether his claim of fear was reasonable and decided it was not. *Id.* Defendant claims

that he requested review of that decision by an Immigration Judge ("IJ"), and available documentation seems to support this claim. Doc. 15 at 2; Doc 19-1 at 16. Despite his request, Defendant was removed on August 2, 2006, without review of his claimed fear by an IJ. Doc. 19 at 3.

Defendant was arrested again in the United States on October 11, 2006, and was indicted for illegal re-entry under 8 U.S.C. § 1326 on July 24, 2007. *Id.* The government eventually moved to dismiss that case, stating that it had "recently obtained additional information that a defect exists in the defendant's prior removal orders." Doc. 19 at 3 (quoting Motion to Dismiss, *United States of America v. Armando Hernandez-Morales*, No. CR07-866-001-PHX-DGC, Doc. 20). The government's motion did not specify the defect in Defendant's prior removal, but the Court assumes it was the failure to afford IJ review of Defendant's claim fear of return to Mexico. Following dismissal of the criminal charge, Defendant was removed from the United States on October 31, 2007. The basis for this removal was a separate removal order that had been entered against Defendant in 2001. Doc. 19 at 3; Doc. 19-1 at 23. There is no evidence that Defendant renewed his claim of fear during the 2007 removal proceedings or that he had raised them when removed in 2001. Doc. 19 at 3-4; Doc. 25-1 at 2. Defendant's 2007 removal is the underlying removal for the current indicted charge.

Defendant re-entered the United States sometime before September 2008 and was arrested and sentenced to prison in Arizona state court. Doc. 19 at 4. Following that felony conviction and another in 2010, immigration enforcement agents found Defendant in state custody on September 3, 2010, which "finding" is the basis of the current indictment. *Id.*

**II.     Legal Standard.**

Defendant challenges his 2007 removal, arguing that it is defective and therefore cannot form the basis for the current charge of illegal reentry. Defendant's challenge to the 2007 removal is limited by 8 U.S.C. § 1326(d), which sets out a three part test for collateral attacks on previous deportation orders:

> an alien may not challenge the validity of the deportation order . . . unless the alien demonstrates that –
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

Defendant must satisfy each prong of this test to collaterally attack his 2007 deportation.

**III.   Analysis.**

    **1.   Deprivation of the Opportunity for Judicial Review.**

The government does not dispute that it failed during the 2006 removal to provide Defendant with the requested IJ review of his fear of returning to Mexico. Doc. 19 at 3. The government further concedes that the 2007 criminal charge for illegal reentry was dismissed because of a defect in the 2006 removal. Doc. 19 at 3. The relevant removal for the current charge, however, is the 2007 removal. Thus, Defendant must show that the 2007 removal was defective using the three-part test set forth in § 1326(d). Defendant does not allege a separate defect in the 2007 proceeding, but rather insists that the procedural flaw from the 2006 removal infected and invalidated the 2007 proceeding.

Defendant argued at the hearing on October 12, 2012, that the 2007 proceeding was invalid simply because the 2006 proceeding was flawed. Defendant argued, in effect, that any subsequent removal of Defendant from the United States without granting him the IJ hearing he had requested in 2006 was unlawful. Defendant points to no authority holding that a defect in one removal invalidates every subsequent removal until the defect is cured, and the Court has found none.

Defendant may be asserting that immigration officials in the 2007 proceeding had an obligation to advise Defendant that his rights had been denied in the 2006 proceeding and to offer him a cure for that violation – a hearing before an IJ on his 2006 claim of fear if he was returned to Mexico – before proceeding with the 2007 removal. For several reasons, the Court cannot conclude that officials had such an obligation in 2007.

In a proceeding to determine the removability of aliens from the United States, the "immigration judge shall inform the respondent of his or her apparent eligibility to apply for . . . [a waiver of deportation], and shall afford the respondent an opportunity to make application therefor during the hearing." 8 C.F.R. § 1240.49. The Ninth Circuit has explained that where the "record contains an inference that the petitioner is eligible for relief from deportation the IJ must advise the alien of this possibility and give him the opportunity to develop the issue." *United States of America v. Arrieta*, 224 F.3d 1076, 1078 (9th Cir. 2000) (internal citations and quotations omitted); *see also United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998); *Moran-Enriquez v. INS*, 884 F.2d 420, 422-23 (9th Cir. 1989). If "the alien expresses fear of persecution or harm upon return" and the alien "has not previously filed an application for asylum or withholding of deportation that has been referred to the immigration judge by an asylum officer . . .the immigration judge shall: (i) Advise the alien that he or she may apply for asylum in the United States or withholding of deportation . . ." 8 C.F.R. § 1240.49(c)(2)(i).

Even assuming that these IJ regulations apply to immigration officers who processed Defendant in 2007, the Court cannot conclude that the record before those officials contained sufficient evidence to give rise to a duty to disclose possible grounds for withholding of deportation. At the time of his removal in 2007, Defendant did not mention any fear of returning to Mexico. Indeed, he affirmatively stated that he did not have such fears: "I *do not* have any fear or concern about being returned to my home country or of being removed from the United States." Doc 25-1 at 2 (emphasis in original). Defendant made this statement after he had been removed to Mexico in 2006 and had experienced life there. Thus, in 2007, the record did not contain "an inference that the [Defendant] is eligible for relief from deportation" on the basis of feared harm if he was returned to Mexico. *Arrieta*, 224 F.3d at 1078.[1]

---

[1] Additionally, the officers handling Defendant's removal in 2007 did not have an independent duty to advise him of potential asylum under 8 C.F.R. § 1240.49(c)(2)(i) because he did not "express fear of persecution or harm" during the 2007 proceeding.

Given this record, the Court finds that immigration officials handling the 2007 removal had no duty to advise Defendant that he had a right to a hearing before an IJ on his fear of removal to Mexico.  The Court accordingly finds that Defendant has failed to show that the 2007 deportation proceedings "improperly deprived [him] of the opportunity for judicial review."  Because he does not satisfy part two of the three-part test set forth in 8 U.S.C. § 1326(d)(2), Defendant's collateral attack on the 2007 removal must be rejected.

### 2. Fundamental Unfairness.

Additionally, the Court cannot conclude that the 2007 removal was fundamentally unfair as required by the third part of the § 1326(d) test.  To establish fundamental unfairness, Defendant must show that "(1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects."  *U.S. v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000) (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998)). To show prejudice, Defendant need not show that he "actually would have been granted relief" but rather that he had a "plausible" ground for relief from deportation.  *Arrieta*, 224 F.3d at 1079.

In order to qualify for withholding of removal on the basis of fear, the "burden of the proof is on the applicant . . . to establish that his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 C.F.R. § 208.16(b). The Ninth Circuit has explained that "an alien must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds."  *Al-Harbi v. INS.*, 242 F.3d 882, 888 (9th Cir.2001) (quoting *INS v. Stevic*, 467 U.S. 407, 429-30 (1984)).

In his testimony to the reviewing officer in 2006, Defendant did not claim that he feared persecution because of his race or religion, and responded "maybe" when asked if the government of Mexico would persecute him for his political beliefs.  Doc. 19-1 at 8. He claimed that the Mexican government would harm him because he belonged to a

particular social group, but when asked to define the group he responded only that he does not "know their ways of living" and has "a different culture than them." Doc 19-1 at 8-10. When asked if he believed the government, the police, or any organization associated with the government would want to harm him if he returned to Mexico, Defendant responded "I have no idea." His only articulated fear was that inmates who had threatened him in a U.S. prison might find and fight him in Mexico. Defendant admitted that he had suffered no previous harm or threats in Mexico. *Id.*

Defendant's statements to immigration officials in 2006, even if somehow carried forward to his 2007 removal proceedings, do not satisfy his burden of showing that it is more likely than not that he would have been subjected to persecution in Mexico on the basis of his race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 208.16(b); *Al-Harbi*, 242 F.3d at 888. Defendant therefore has not shown a plausible ground for relief from deportation, and cannot establish the prejudice required for the third prong of § 1326(d).

**III.   Conclusion.**

Defendant's collateral attack on the 2007 deportation order does not satisfy the second or third prong of the three-part test set out in 8 U.S.C. § 1326(d) and is therefore rejected.

**IT IS ORDERED** that Defendant's motion to dismiss the indictment on the grounds that prior deportation cannot serve as a predicate offense (Doc. 15) is **denied.** Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 9/7/2012.

Dated this 22nd day of October, 2012.

_____
David G. Campbell
United States District Judge